No. 3367.—JAMES H. YOUNG *v.* MAGAZINE STREET RAILROAD COMPANY. MAGAZINE STREET RAILROAD COMPANY *v.* JAMES H. YOUNG. (Consolidated Cases).

In the year 1861 a contract was entered into between the City of Jefferson and Joseph Kaiser, granting to the latter the right to build street railroads through the corporate limits of the city. Article ninth of the contracts stipulated that in case of failure by the contractors of either of said roads to commence or complete either of said works, or any part thereof, within the period herein prescribed, or in case the Common Council be dissatisfied with the manner in which the works are being executed, the Council shall have the right to annul the contract without putting the contractor in default. It was further stipulated that in case the contractor fails to complete the works within the time prescribed, he shall forfeit all claims for work done, and the city shall have the right to *resell* the privilege and right of way at the risk of the contractor and his sureties *in solido*.

Held—That under the authority given in this section to *resell*, nothing but the right of way and privilege could be resold; and that if the road was once fairly completed this provision, having fulfilled its coercive purpose, ceased to have any further force.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble,* J. *Frank N. Butler* and *E. King Cutler,* for plaintiff and appellant. *Thomas J. Semmes* and *Rufus Waples,* for defendants and appellees.

This case was tried by a jury in the court below.

HOWE, J. The principal point involved in this litigation is in regard to the right of the Common Council of Jefferson City, in the year 1870,

54 SUPREME COURT OF LOUISIANA,

Young v. Magazine Street Railroad Co.   Magazine Street Railroad Co. v. Young.

to annul the contract for building the Magazine Street Railroad, and to sell the railroad and its appurtenances to the plaintiff, James H. Young.

In 1861 a contract was entered into between the city and Joseph Kaiser, granting to him as the highest bidder a right to build the railroad. The time to complete the work was afterwards extended to January 1, 1866, and on the thirtieth May, 1866, the Magazine Street Railroad Company, party hereto, was organized, and became the owner of the road.

On the first March, 1870, the Common Council of Jefferson passed a resolution to annul the contract, and on the second March, 1870, through a committee, sold the whole property to Young.

The proceedings for this forfeiture and sale were secret and hurried, and the price was vile, but in the view we have taken of the case, it is not a necessary, as it certainly would not be a pleasing task, to enter into a full detail of the facts. If the Common Council had no power to sell as they did, and what they did, it matters little to Young, their vendee, whether their method of procedure was praiseworthy or not.

The section of the contract on which Young relies is as follows:

"*Ninth*—In case of failure by the contractors of either of said roads to commence or complete the above described works, or any part thereof, within the period herein prescribed, or in case the Common Council be dissatisfied with the manner in which the works are being executed, the Council shall have the right to annul the contract, without putting the contractor in default, in the manner indicated in article 1905 of the Civil Code, and without applying to a court of justice to annul the same, and without indemnity; and in case the contractors shall at any time abandon the works, or fail or refuse to finish and complete the same in conformity with his contract, he shall forfeit all claims for indemnity for the work done by him up to the date of abandonment, and the City of Jefferson shall thereby be discharged from any and all liabilities therefor; and in case either of such annulment or of such abandonment, the City of Jefferson shall have the right to *resell the privilege and right of way* at the risk of the contractor and his securities *in solido.*"

It is apparent that this section confers no right to resell anything but a right of way and privilege. The phraseology, and especially the use of the word *resell*, would indicate that the city, in case of annulment, was to reconvey to some purchaser what by the original contract it had conveyed to Kaiser. So that it seems preposterous for Young to claim that under this clause the city could sell him mules, cars, railroad iron, stables, harness, and even money in the "change boxes," when the clause itself refers only to a resale of an incorporeal right granted to Kaiser in 1861.

NEW ORLEANS, JANUARY, 1872.    55

Young v. Magazine Street Railroad Co.    Magazine Street Railroad Co. v. Young.

But waiving this point, as of but partial application, we are satisfied from the testimony that the road was fairly completed on the first January, 1866, and that from that moment the section quoted, having fulfilled its coercive purpose, ceased to have any further force. Whether the parties owning the road continued to keep it in good repair, whether they had their cars properly lighted, whether they ran their cars regularly and with proper speed, are questions which have nothing to do with this case. Delinquencies of this sort are provided for by other penalties in the contract than annulment and sale.

The jury gave a verdict in favor of the Magazine Street Railroad, and we think it a just one.

Judgment affirmed.